```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-22449-CIV-LENARD
                              MAGISTRATE P. A. WHITE

LEOPOLD JULMICE,              :

        Plaintiff,            :

v.                            :        REPORT OF
                                       MAGISTRATE JUDGE
ATTORNEY JOSEPH GEORGE,       :
et al.,                       :

        Defendants.           :
_____
```

The pro-se plaintiff, Leopold Julmice, filed a civil rights complaint pursuant to 42 U.S.C. §1983,(De#1) The plaintiff alleges that Attorney Joseph P. George, Jr. and Judge Marisa Tinkler Mendez, of Miami-Dade County, Florida, violated his constitutional rights. The plaintiff seeks monetary damages. The plaintiff is proceeding  in forma pauperis. [DE# 2].

This civil action is before the Court for an initial screening pursuant to 28 U.S.C. §1915.

## II.  Analysis

A.  Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> * * *
>
> (e)(2) Notwithstanding any filing fee, or

>   any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>   \* \* \*
>
>   (B) the action or appeal –
>
>   \* \* \*
>
>   (i)  is frivolous or malicious;
>
>   (ii) fails to state a claim on which relief may be granted; or
>
>   (iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. §1983; Polk County v. Dodson, 454 U.S. 312 (1981); Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11 Cir. 1985). The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.

Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998),See: Whitehorn, 758 F.2d at 1419 id.  Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).   A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).

      The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face.  See  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ."  The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

3

Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

### B.  Factual Allegations

The plaintiff, a pre-trial detainee, alleges that his constitutional rights were violated when he sought to have Attorney Joseph P. George Jr., his court appointed counsel, employed by the Criminal Conflict and Civil Regional Counsel, visit him at the jail to consult with him regarding his case and bring his legal documents in all his open cases. Joseph, according to the plaintiff failed to respond and when he sought a hearing from Judge Mendez, she failed to respond. He seeks to remove both Attorney George and Judge Mendez from his case. He has filed multiple pro se motions that have not been responded to.

### C.  Analysis of Sufficiency of Complaint

Defendant George is immune from a §1983 suit for damages as public defenders do not generally act under "color of state law". Polk County v Dodson, 454 U.S. 312 (1981). Further, the claim against him is conclusory. Claims against Judge Mendez also must fail as Judges have immunity in 1983 claims. Judges are absolutely immune in a §1983 suit for damages for judicial acts done within the jurisdiction of the Court. Section 1983 was not intended to abolish the doctrine of judicial immunity except in certain circumstances not applicable here (such as suits involving judges' administrative, legislative, or executive functions). Forrester v. White, 484 U.S. 219 (1988); Stump v. Sparkman, 435 U.S. 349 (1978);

Pierson v. Ray, 386 U.S. 547 (1967); Wahl v. McIver, 773 F.2d 1169 (11 Cir. 1985).

Unless a judge has acted in clear absence of all jurisdiction, his or her acts are protected by judicial immunity no matter how injurious they may be to the plaintiff, even when such acts are alleged to be malicious, in excess of jurisdiction or authority, procedurally or otherwise erroneous, or corrupt or done pursuant to bribe or conspiracy. Forrester v. White, supra; Cleavinger v. Saxner, 474 U.S. 193 (1985); Pierson v. Ray, supra.

The plaintiff has not alleged any facts that demonstrate that Judge Mendez acted in the absence of jurisdiction.

Secondly, Because the plaintiff is a pretrial detainee and his state criminal proceedings are still in progress, this Court is prohibited from interfering therein. See Younger v. Harris, 401 U.S. 37 (1971). Under Younger and its progeny, federal courts must abstain from interfering with ongoing state criminal proceedings absent extraordinary circumstances. See Arkebauer v. Kiley, 985 F.2d 1351, 1357 (7 Cir. 1993). Resolving the plaintiff's Section 1983 claims would significantly interfere with pending state criminal proceedings, and the plaintiff has not alleged that any extraordinary circumstances exist for interfering with his state case.

Furthermore, claims which challenge the constitutionality of the plaintiff's current detention are not cognizable in a civil rights case; a habeas corpus action (following the exhaustion of state remedies) is the proper vehicle for raising claims that may

5

affect the fact or duration of a criminal defendant's confinement, including pre-trial confinement.  <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 488-490 (1973).

Moreover, if a prisoner or detainee brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-487 (1994).  <u>Heck</u> applies to suits filed by pretrial detainees. <u>Alvarez-Machain v. United States</u>, 107 F.3d 696, 700-01 (9 Cir. 1996); <u>Hamilton v. Lyons</u>, 74 F.3d 99, 102-03 (5 Cir. 1996).

### III.  <u>Conclusion</u>

It is therefore recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 12th day of September, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

```
cc:   Leopold Julmice, Pro Se
      #05--0051700
      Pre-trial Detention Center
      1321 NW 13th ST
      Miami, FL
      Address of Record
```